**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edmer R. Nieto,<br><br>   Plaintiff,<br><br>vs.<br><br>Thomas A. Long, et al.,<br><br>   Defendant. | No. CV-03-0367-PHX-MHM(CRP)<br><br>**REPORT AND RECOMMENDATION** |

  Respondents move to transfer this case to the Ninth Circuit Court of Appeals. Recent amendments to 8 U.S.C. § 1252 provide that original review of challenges to administrative orders of removal occur at the federal court of appeals. Therefore, this Court recommends that the District Judge **GRANT** the Motion for Transfer.

  Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 25, 2003. Therein, Petitioner challenges the administrative order of removal against him. He alleges that he is eligible for asylum and protection under the Convention Against Torture as well as relief from removal pursuant to § 212(h) of the INA. Petitioner also claims that he received ineffective assistance of counsel at the trial level when his lawyer failed to inform him that he was pleading guilty to a deportable crime. However, a Petitioner may not collaterally attack the underlying state conviction in a habeas proceeding against the INS pursuant to 28 U.S.C. § 2241. *Resendiz v. Kovensky*, 416 F.3d 952, 960-1 (9th Cir.

2005); *Contreras v. Schiltgen*, 122 F.3d 30 (9th Cir. 1997), *aff'd on add'l grounds* in *Contreras v. Schiltgen*, 151 F.3d 906 (9th Cir. 1998). Thus, the Petition before the Court is purely a challenge to removal proceedings.

The REAL ID Act of 2005 was signed into law by President Bush on May 11, 2005. The Act provides that petitions brought under 28 U.S.C. § 2241, challenging a removal order and pending in the district court at the time of enactment of the REAL ID Act, shall be transferred to the federal court of appeals. Public Law 109-13, 119 Stat. 231, § 106(c).

The case before this Court is purely a challenge to the administrative order of removal. The statutory amendments to 8 U.S.C. § 1252 mandate transfer of this case to the Ninth Circuit Court of Appeals.

For these reasons, it is the recommendation of the Magistrate Judge that the District Judge, after his independent review, **GRANT** the Motion to Transfer.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9 th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003). If objections are filed, the parties should direct them to the District Court by using the following case number: CV 03-367-PHX-SMM.

The Clerk is directed to send a copy of this report and recommendation to all parties.

DATED this 9th day of September, 2005.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

MHM
CRP
Cynthia M. Parsons, Esq. [*U.S. Attorney's Office*]
Edmer R. Nieto [*Pro Se*] (A94168094/Eloy, Eloy Detention Ctr., 1705 E. Hanna Rd, Eloy, AZ 85231)